IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL BROWN, | : | CIVIL ACTION NO. 3:17-cv-2302 |
| | : | |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| | : | |
| SCHUYLKILL COUNTY PRISON, *et al.*, | : | |
| | : | |
| Defendants | : | |

FILED
SCRANTON
FEB 2 8 2018
PER _____
DEPUTY CLERK

## MEMORANDUM

Plaintiff Russell Brown ("Brown" or "Plaintiff"), an inmate presently incarcerated at the Schuylkill County Prison, Pottsville, Pennsylvania, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on December 14, 2017. (Doc. 1). Named as Defendants are the Schuylkill County Prison, PrimeCare Medical, Inc. ("PrimeCare"), and John Doe, C.O.

Brown seeks to proceed *in forma pauperis*. (Doc. 2). For the reasons set forth below, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

I.  **Standard of Review**

Section 1915(e)(2)(B)(ii), which pertains to *in forma pauperis* proceedings states, in pertinent part, "the court shall dismiss the case at any time if the court determines that…the action or appeal…fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review for is the same as the standard for a motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, which

provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. Phillips v. Cnty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008)). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Under the pleading regime established by [Bell Atl. Corp. v.] Twombly, 550 U.S. 544 (2007) and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679, 129 S.Ct. 1937. See also Burtch v.

Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937. Connelly v. Lane Const. Corp., 809 F.3d 780, 787–88 (3d Cir. 2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). At the second step, the Court identities those allegations that, being merely conclusory, are not entitled to the presumption of truth. Twombly and Iqbal distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." Iqbal, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## II. Allegations of the complaint

Brown alleges that on August 10, 2017, upon admission to the Schuylkill County Prison, when asked whether he suffered from homicidal or suicidal thoughts, he explained to an officer and a nurse that he suffered from degenerative disk disease and "because of cronic [sic] pain [he] struggled with suicidal thoughts and depression" and was under psychiatric care. (Doc. 1, pp. 2, 3). He also indicated that he was prescribed a

number of medications. (Id.) He alleges that, in failing to address his medication needs and place him on suicide watch until he was cleared by the "psych dept.," both the guard and nurse ignored the risks that he could harm himself. (Id. at 5). Instead, he was housed on a normal cell block and, "when the jail opened the blocks [sic] doors to pass our food [he] climbed to the top tier showed no sign of duress said excuse me to those in [his] way then jumped." (Id.). He was rushed to the local hospital where he was diagnosed with a broken back, internal bleeding and a blocked femoral artery. (Id.). He alleges that, upon release, the hospital provided "the jail" with specific instructions for aftercare including the use of a brace and walker. (Id.). He contends that jail personnel failed to comply with the instructions and, as a result, he was unable to wear the brace or properly use the walker. (Id. at 5, 6).

Additionally, he alleges that he was subjected to a variety of poor conditions including, *inter alia*, poor lighting, inconsistent temperature regulation, unsanitary shower and bathroom conditions and overcrowding. (Id. at 7).

### III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Thus, § 1983 limits liability to persons who violate constitutional rights.

### A. Schuylkill County Prison

It is well-settled that neither a state nor its agencies, are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. Hafer v. Melo, 502 U.S. 21, 25-27 (1991). Similarly, neither a prison nor a department within a prison is a person subject to suit under § 1983. Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973). Schuylkill County Prison is not a person capable of being sued within the meaning of § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The complaint against this defendant will be dismissed.

### B. PrimeCare

Brown identifies PrimeCare as a defendant in the caption of the complaint and under the "Defendants" section of the complaint. (Doc. 1, pp. 1, 2). PrimeCare, as an entity, cannot be held liable for the acts of its employees under *respondeat superior* or vicarious liability. Natale v. Camden County Corr. Facility, 318 F.3d 575, 583 (3d Cir.

2003) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)).
To hold PrimeCare liable, Brown "must provide evidence that there was a relevant
[PrimeCare] policy or custom, and that the policy caused the constitutional violation [he]
allege [s]." Id. (citing Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown,
520 U.S. 397, 404 (1997)). Brown's complaint is devoid of any allegations against
PrimeCare. Consequently, the complaint against PrimeCare will be dismissed.

### C.     John Doe C.O

Brown also identifies John Doe C.O. as a defendant in the caption and under the "Defendants" section of the complaint. (Doc. 1, pp. 1, 2). Individual liability will be imposed in a civil rights action only if the state actor played an "affirmative part" in the alleged misconduct. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)). Liability "cannot be predicated solely on the operation *of respondeat superior.*" Id. In other words, defendants in civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." Atkinson v. Taylor, 316 F.3d 257, 271 (3d Cir. 2003); Rode, 845 F.2d at 1207-08. When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, individual liability will not follow. Atkinson, 316 F.3d at 271; Rode, 845 F.2d at 1207-08. Brown's complaint is devoid of any allegations that John Doe C.O. had any personal involvement in the alleged constitutional violations. Consequently, the complaint against

John Doe C.O. will be dismissed.

## IV. <u>Leave to Amend</u>

"The obligation to liberally construe a *pro se* litigant's pleadings is well-established." Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) (citing Estelle, 429 U.S. at 106). "[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher–Harlee Corp. v. Pote Concrete Contractors., Inc., 482 F.3d 247, 251 (3d Cir. 2007); see also Foman v. Davis, 371 U.S. 178, 182 (1962). Amendment is futile "if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir.1988); *see also* Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (stating that "[i]n assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).").

Brown will be afforded the opportunity to amend to cure the deficiencies of his complaint, to wit, identify proper defendants and allege personal involvement as to those defendants.

7

## V. Conclusion

Based on the foregoing, Plaintiff's complaint (Doc. 1) will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate Order will issue.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated: February 28, 2018